### JOHN SHAW *against* SAMUEL WALLIS.

In an action by the indorsee of a bill of exchange against the exceptor, the latter cannot
call the drawer as a witness to disprove the plaintiff's right of recovery, by showing
that the bill and a former promissory note were given for the same debt, the note
having been paid ; but the court will go great lengths in receiving evidence in the case
of frauds.

*SUR* bill of exchange, by endorsee against the acceptor. Pleas
payment.

It appeared in evidence, that on the 6th March 1876, the defendant
gave his promissory note to John Antill for 1581. New York currency,
payable on demand, which was afterwards indorsed to the plaintiff ;
and that on the 4th April 1776, Antill,who lived in New York, drew a
bill on the defendant for the like sum, payable on sight to Michael
Conner or order, who on the succeeding day indorsed it to the plantiff,
and which the defendant afterwards accepted on the 23d August fol-
lowing. The plaintiff instituted a suit against the defendant in the
Court of Common Pleas of Philadelphia county, to December term
1782, and on the 15th September following, the same was fully paid
to his attorney.

The defendant's counsel insisted, that the note and bill were for the
same debt, and the circumstances of the plaintiff's keeping the bill
in his hands above seventeen years before he commenced his action,
though he brought his suit on the note many years before, was urged
as strong evidence of it. But to put the matter out of all question,
they offered in testimony the answer of colonel Antill to interrogato-
ries administered to him under a commission, showing that the consid-
eration of the note and bill was the same original debt and that there
had been no other transactions between the parties whereby a new debt
might have been contracted.

This evidence was objected to by the plaintiff's counsel, and Respub.
v. Ross, determined this term, was cited as an authority in point, when
general Morgan was refused as a witness, until he had taken up the
note which he had indorsed.

The defendants counsel cited 5 Term Rep. 579, Espin. 85, that it
admits of a question, how far a man who has set his name to a negoti-
able instrument, can be called as a witness, to disprove the holder's
right of action on it ; and Lord Kennon has often overruled objections
of that kind, in similar cases. One has been suffered to explain his
own deed. 1 Term Rep. 300, 301. Bills or notes indorsed after they
are over due, afford strong ground of suspicion, and are to be consid-
ered as bills or notes newly drawn by the indorses. They are left to

are left to the jury on slight circumstances, and the maker of a note is entitled in such a case to go into evidence, to show that the note was paid, as between him and the payee.    3 Term Rep. 80, 81.

The court declared their opinion, that this case seemed to be within the rule as restrained in 3 Term Rep. 34, 36, but avoided giving any decided judgment thereon, and declared, that in the case of frauds* they would go great lengths in the admission of evidence.    In the present instance they thought the testimony might be spared, unless strong evidence was adduced on the part of the plaintiff.

The counsel at length agreed that the answers of Antill should be read, and Mr. Conner be sworn as a witness ; but after hearing Antill's testimony, the plaintiff declined examining his witness, and became nonsuit.

Mr. Heatley, *pro quer*.

Messrs. Ingersoll and M. Levy, *pro def*.

* In a case of fraud, one may be a witness to invalidate his own deed.  2 *Atky.* 228.