The Chief Justice
 

 delivered the opinion of the court.
 

 In this case there was an objection taken to the plaintiffs’ declaration, which was in debt on a protested bill of exchange. The declaration claims
 
 £
 
 300 sterling, with damages, interest and
 
 charges of protest,
 
 on a protested bill of exchange, without stating, in any part of it, the amount of those charges. The verdict is for the debt in the declaration mentioned, on which judgment is rendered, to be discharged by a less sum.
 

 The objection is, that the demand is uncertain, in as much as the amount of the charges of protest, which constitute a part of the debt claimed, is not stated.
 

 The clause of the act on which this suit is instituted is in these words, “ It shall be lawful for any person or “ persons,” &c “to prosecute an action of
 
 debt, for prin-
 
 “
 
 cipal, damages, interest,
 
 and
 
 charges of protest
 
 against the “ drawers,” &c. The charges of protest constitute an essential part of the debt, and the declaration would not pursue the act, if those charges should be omitted. This part therefore cannot be considered as surplussage. It is a component part of the debt for which the action is given. Being a necessary part, its amount ought to be stated with as much certainty as the amount of the bill.
 

 As this is a mere technical objection, the court would disregard it, if it was not a principle, deemed essential in the action of debt, that the declaration should state the demand with certainty.
 

 The cases cited by the counsel for the defendant in error, do not come up to this case. They relate to different debts; this to a single debt composed of different parts.
 

 Judgment reversed and arrested.
 

 See the case of Rudder v. Price,
 
 1
 
 H. Bl. reports,
 
 550.