Tilghman C. J.
This is an appeal from the Orphans’ Court on the settlement of the account of Benjamin Say, deceased, who was the guardian of Barnaby Barnes. The appellants make two objections to the settlement; 1. That the Orphan’s Court ought not to have interfered with the account settled between the parties after the minor was of full age. . 2. That the account adopted by the Orphans’ Court, is not stated upon just principles.
1. Whether the account settled between the parties, was obligatory, will depend on the circumstances. [Here the Chief Justice stated the case.]
It is now contended, on behalf of his executors, that the receipt of B. Barnes is a bar to his claim, and that it would be unjust, to open the account, after the death of the guardian. I understand Dr. Say to have been a man of good character; neither does the case require, or my inclination lead me to any observations injurious to his memory. I am very sensible of the delicacy of the subject, and of the injustice of throwing hasty censure, on one who can no longer speak for himself. But certain principles have been established for the protection of infants, founded on great wisdom, and which must not be departed from. It is in vain to argue, that when a ward comes to full age, and makes a settlement with his guardian, attended with no circumstance of fraud, or circumvention, it is to be considered as a settlement between two persons who had never stood in the situation of guardian and ward. I see, and I feel the difference. There is no need of authority on so plain a subject. But the books are full of authority. Settlements made soon after coming to ageP and especially before the ward is in possession of *115 ■Ms estate, are always viewed by the Courts, with'a watchful, and even a jealous eye. Not that there is any thing wrong in making a settlement. It is what both parties should wish. But when the ward apprehends, on further reflection, that he has acted under a mistake, or ignorance of fact or law, there should be no hesitation on the part of the guardian, in submitting to a re-examination of the account. What objection can there be to it, unless papers have been lost ? It should always be remembered that when a young man comes to age, he must necessarily be ignorant of his affairs, and the information which he receives must come principally from his guardian. In point of information, the parties are not on a footing. In the present instance, the settlement of an account of IS or 16 years standing, during which period, very large sums had been received, was not an easy matter. The establishment of a rule, by which the guardian should be charged with interest, on-monies either used by him on his own account, or neglected to be put out for the benefit of his ward, was a point on which there might well be a difference of opinion. It seems there was a difference: and if the ward, anxious to obtain possession of his property, and impatient to seek a better climate for the benefit of his health, consented to a principle of adjustment, which he afterwards disapproved of, I think he ought not to be held to it. Why should he? If he received less than his right, his guardian paid him no consideration for the loss. Neither is it alleged that papers were destroyed in consequence of the settlement which might expose the estate of the guardian to injury. As I understand the case, an interest account is raised on the basis furnished by Dr. Say, on the receipts and payments as they stand exhibited in his own account. Under these circumstances, I am of opinion, that the receipt signed by Barnaby Barnes, ought not to stand in the way of the new settlement under the authority of the Orphans’ Court.
2. That, being the case, it is necessary to examine the account on which the appeal is founded. The governing principle of the auditors, was, to strike a balance of the money in the hands of the guardian, at the end of every six months, and to charge him with simple interest upon that; making an allowance, however, of a thousand dollars for contingent expenses. It does not seem to me, that this rule works either *116 unjustly or severely, whether the case really was, that the money was used by the .guardian, or negligently retained by him. How the fact was, we are ignorant. But it must not be forgot that no one but he who had the money, can shew what became of it. It is objected that this rule is unjust, because it might often happen, that good investments could not be obtained in the course of six months. . The answer is fair. Shew'us that the money was really lying dead, and we give up the interest. This the counsel for the appellee declared in Court. And as most people keep their money in bank, there can be little difficulty in shewing what sums remained unemployed, and for what length of time. In the case of Fox v. Wilcocks, 1 Binn. 194, this Court established a principle which can never be shaken, “ where a guardian, or executor, has been “guilty of neglect, in not putting money out, or-where he “ has made use of it himself, he shall be charged with inte- “ rest.” The only question is then, has he been charged for too long a time. Considering the state of business in this city, during the period when these monies were received, and in the absence of all testimony, which might inform us of the exact truth; considering too, that the books of the guardian are’ the ■ proper sources of such testimony, I am of opinion, that the rule adopted by the auditors, was, neither severe, nor unreasonable. One or two minor objections have been made to the account. It is said, that Benjamin. Say,Aught to be allowed a commission on the aggregate of the several sums charged against him for interest, beyond what had been charged in the settlement made with his ward ; because the estate has been thereby increased. True, the estate has been increased, but it does not follow, that a commission should be allowed on the increase. A commission is a compensation for services rendered; but whether the money was kept unproductive through negligence, or used by the guardian for his own profit, there was neither trouble, nor service, for which the estate should be charged. Another objection is, that those commissions concerning which there is no dispute, are deducted at the foot of the account; whereas, they should have been deducted from time-to time as they were earned ; and this will make some difference in the interest account.
I believe the rule in this Court has been, to allow the *117 commissions at the time the services were rendered; and when the guardian is charged with interest, this circumstance should be attended to. So far as that goes, the account should be rectified. In all other respects, I am of opinion, that it should stand confirmed.
Proceedings confirmed.