*JULY 1827.*

Martin
v.
Kelly.

---

### TODD v. STAFFORD.

The payee is a competent witness to impeach the consideration of the note.

JUDGE CRENSHAW delivered the opinion of the Court.

THIS was an action on the promissory note of the defendant, payable to one Payne or bearer.

On the trial the testimony of Payne was admitted to impeach the consideration of the note; and this is the matter now assigned as error.

This is an important question as to a rule of evidence. The English decisions made on it at different times, conflict with each other, and the decisions in our sister States do not agree. The old doctrine seems to have been, that one who had put his name to an instrument of writing, or who had given currency to a negotiable instrument, was under any circumstances, incompetent to impeach its

validity, though it was said he might be competent to prove the instrument paid or discharged, or to prove facts occurring after he had transferred the paper. This is yet the rule adhered to in some of the States, though confined to negotiable -instruments. But the general rule now adopted in England, and by some respectable American adjudications is, that a party to a bill or note is competent to prove it void, unless he be directly interested in the event of the action, or unless the verdict would be evidence for or against him. The reason of the rule results from the consideration, that if the testimony of one so circumstanced were to prevail, he would stand in no ·better situation than if a contrary verdict were given. In this case it was remotely to Payne's interest to support the action, for if the plaintiff failed in this action, he would be entitled to his remedy against Pitts, his endorser, and Pitts against Payne, who had transferred the note to him without endorsement. Payne then, in giving testimony which went to defeat the action, was testifying against his own interest, and clearly a competent witness for the defendant. We give no opinion as to Payne's right to object to giving evidence, nor as to the right of the plaintiff to introduce him as a witness.

The CHIEF JUSTICE and JUDGE GAYLE concurred.

## By JUDGE WHITE.

THE opinion just given is in conformity with the more recent decisions of the English Courts; but their former decisions, and those of New-York, New-Hampshire, Massachusetts and Pennsylvania, are to the contrary. Connecticut is the only State in the Union, whose Courts have adopted the modern English doctrine on this point. As the authorities thus conflict, I feel at liberty to regard the probable effect of the principle on society. To permit a man who has ·transferred a negotible paper, to give testimony by which its validity in the hands of an endorsee, or subsequent holder, is to be destroyed, must evidently encourage combinations to commit frauds, and tend to destroy confidence in notes and bills, which is essential to commercial operations. The very circumstance of its being necessary to introduce the evidence of the payee, to impeach the validity of the note, presupposes (in most cases) that the original transaction has been kept secret from all but him and the maker. To a man capable of

entering into such fraudulent combinations, his responsibility to those to whom he may transfer the note, seems too remote and contingent to outweigh the immediate temptation by which he may be seduced. True it is, that one giving evidence under such suspicious circumstances, would not readily be credited by an honest jury; but to shew that necessarily he will not be believed, proves that there is no utility in his testifying. And though witnesses thus situated, might sometimes give evidence essential to the correct administration of justice, and be believed, it seems to me that this would occur in a proportion of such cases, by far too small, to justify the establishment of a rule of evidence so dangerous to society as this. I cannot concur in the opinion of the majority of the Court. The view which I have taken is supported by authority. [a]

JUDGE SAFFOLD having sealed the bill of exceptions in the Court below, gave no opinion here. Judgement affirmed.

*margin:*
JULY 1827.

Todd
v.
Stafford

[a] 1 Term R. 296, 1 New H. R. 60 4 Mass. R. 156. 3 Mass R. 27, 10 Id. 502, 17 Id 94. 3 John.Cases 185 2 John. R. 165, 15 Id. 270 2Dall. 194. 2 Yeates 17.