## BRYANT *versus* OWEN.

1. The record, and testimony of deceased witnesses in a previous suit, between the same parties, (in contracts respecting property,) are admissible as evidence, in a subsequent suit, to contest the same right, either for or against the same parties, or privies in blood, in estate or law. But such privity must first appear to exist, and such testimony to have been regularly and judicially taken.

2. Under a plea (upon which issue is joined,) to a suit brought on a note, that *the plaintiff is not the legal holder thereof,* the defendant has the right to contest the authority of the plaintiff to sue on the paper, upon which action is commenced.

Owen brought an action of debt in Tuskaloosa Circuit court, to recover of Bryant the amount of a promissory note. The note was made payable to one Robbinett; and the defendant, in the course of the trial, offered evidence to show, that Owen, the plaintiff, was not the legal proprietor of the note sued on; which evidence was rejected by the court. The court also rejected the depositions of Robbinett, taken in a previous suit, between different parties, and which were offered as testimony in this cause.

On these assignments of error, the case came into this court.

*Crabb* and *Wilson* for plaintiff—*Ellis* and *Shortridge, contra.*

SAFFOLD, J.—The plaintiff in the Circuit court, who is defendant in error, brought an action of debt, as *bearer* of a promissory note, payable to A. Robbinett, or bearer, against Bryant, as maker. The latter then pleaded in the following words: "And the said defendant says, that the said plaintiff is not the

legal holder of the note declared on." Defendant further pleads, *nil debet*, payment and set-off. On these pleas, the plaintiff, Owen, joined issue, and obtained a verdict for the amount of the note.

From exceptions taken on the trial, it appears—

1. That the defendant proved Robbinett, the payee of the note, to be dead; and in support of the plea of payment, offered the depositions of said Robbinett, as evidence; which had been taken, to be used as evidence in a different suit, between other parties, but which were rejected by the court.

2. The defendant also offered evidence, that the plaintiff was not the legal proprietor of, nor had he any right in the note.

The rejection of this evidence, is the cause assigned for error.

1. Admitting the position contended for, that Robbinett, if alive, would be a competent witness to prove payment of the note; or, extending the principle farther, that his evidence would have been admissible to impeach the consideration, according to the doctrine of *Todd* vs. *Stafford*.[a] These principles are not decisive of the question, whether his depositions, as offered, should have been received as evidence.— Nor is it important, in this case, to decide the question, whether a promissory note, payable to bearer, and transferred by delivery merely, is subject, under the provisions of our statute, relating to assigned notes, &c., to every defence which existed against it, in the hands of the original payee, prior to notice of the assignment.

I recognize the rule of law that, in contests respecting property, after the title has been once regularly litigated, and a subsequent suit is brought to

[a] 1 Stewart, 199.

contest the same right, the record of the previous re-
covery, and also the testimony of witnesses on the
former trial, (since deceased,) may be admitted as
evidence in the subsequent suit; and not only be-
tween the same parties, but also for or against persons
standing in the relation of privies in blood, privies in
estate, or privies in law.—*Jackson, ex dem. Bates* vs.
*Lawson.*[a]

[a]15 Johns. 539.

But to render such evidence competent, the privi-
ty must first appear to exist—the former testimony
must appear to have been regularly and judicially ta-
ken, subject to cross examination; and the record of
the trial must also have been admissible as evidence,
and have been so offered.[b]

[b]1 Starkie, 268.

In this case, the requisite privity is not shewn to
have existed, nor does it appear that the record of the
former suit was offered in evidence, or the necessity
of it in any manner waived or dispensed with: more-
over it does not appear that the party against whom
these depositions were offered, or any one under whom
he claims had an opportunity of cross-examining the
witness.

It is, however, contended, the deceased witness' de-
positions were evidence, when viewed as the declara-
tions of a party in interest—at least, that Bryant is
entitled to the benefit of them as such, because, at
the time when made, he had no notice of the trans-
fer of the note by Robbinett, the payee, whose decla-
rations are in question. This view of the subject
would allow the statute concerning assigned bonds,
notes, &c. a much more extensive operation than is
believed ever to have been given to it by any previ-
ous adjudication; and a more latitudinous construc-
tion than it will admit of. Allowing to the statute

the same influence on the transfer of the note, by delivery, as if by endorsement, then the defendant is only entitled to the benefit of all payments, &c., made before notice of the assignment; not to the benefit of the payee's declarations, as evidence of the fact: else, the consequence would be, that, after the payee had in fact disposed of his interest in the note, perhaps, without recourse; or after his circumstances had become desperate, he might be induced to declare the note satisfied or void, and thereby create evidence of a fact which might not exist, and which fact, though a competent witness, he might be unwilling to depose to. Such a course, the law has never tolerated.

In opposition to the argument, that the depositions are to be considered, not in the light of mere open declarations, but as admissions *on oath*, the objections apply, as already stated, that they possess not the requisites to constitute them evidence, as of a deceased witness, given on a former trial, between the same parties, or privies. They must assume distinctly, one character or the other, to become evidence; but being entitled to neither, they were properly rejected—*Alexander* vs. *Mahon*[a]—*White* vs. *Kibling.*[b] In questions, concerning which hearsay and reputation are evidence, the rule has been farther extended—*Pegram* vs. *Isabell*[c]—but this is not one of that nature.

2. The other point relating to Owen's interest in the note which he sued on, is no less worthy of consideration. The evidence, or presumption of his right to the note, consisted alone in the fact of possession; and admitting that the possession alone constituted *prima facie* evidence of right,[d] yet, whether

[a] 11 Johns. 185.
[b] idem, 128
[c] 2 Hen. & Munf. 193.
[d] 3 Kent's Com. 51.

or not, the defendant in the court below, should have been permitted to rebut this presumption, is the question remaining to be considered.

It has been often ruled, that one holding a check, bill, or note, *as bearer or endorsee*, (though a mere agent,) has a legal right, as such, to prosecute a suit, and recover the demand—*Mauran* vs. *Lamb*—*Pitts* vs. *Keyser & Keyser.*[b]

But when it becomes material for the purposes of defence, that the plaintiff's interest, or capacity in the suit should be known, (and the contrary can not appear in any case, as it may be rendered so by the issue,) then to permit the defendant to make proof thereof, does not infringe either of the rules mentioned, and may be highly important in many cases. In the case of *Pitts* vs. *Keyser & Keyser*, above cited, the principle was recognized, that if a plaintiff produced a note, payable to himself, he is to be presumed the righful owner of it, though it contain an endorsement from himself to another; that this, however, is only a presumption, and subject to be rebutted; and if the interest be really in such endorsee, the plaintiff can not recover. Without such proof, the right of recovery rests on the supposition, that the plaintiff, being an endorser, has satisfied the subsequent holder, and taken up the note. This decision refers, for authority, to the case of *Dugan* vs. *United States*[c]; which is full to the point. It is there held, that "if a person endorses a bill to another, whether for value, or for the purpose of collection, who comes again to the possession thereof, he is to be regarded, unless the contrary appear in evidence, as the *bona fide* holder and proprietor of such bill, and is entitled to recover thereon, notwithstanding

there may be one or more endorsements in full, subsequent to the endorsement to him, without producing any receipt or endorsement back to him, from either of such endorsers, whose names he may strike from the bill, or not, as he thinks proper."

In the decision just quoted, however, the court remarked, that the authorities on this subject are irreconcilable. I find such to be the case, among others, with reference to the decision of the Supreme Court of Pennsylvania.—*Gorgerat, et al.* vs. *McCarty.*[a] It [a] 2 Dallas 144. was there decided, that the mere possession of a bill and protest, for non-payment, were insufficient evidence that the plaintiff had paid the subsequent endorsee, which must be proved to entitle him to recover.

But another decision of this court, (*Johnson, use of Stone* vs. *English,*[b]) tends farther to settle the practice [b] 1 Stewart, 169. in this state. It presents the doctrine in an aspect not inconsistent with the decision of this court, or the Supreme court at Washington, already referred to ; but recognises a limitation to the presumption of right, arising merely from the fact of possession.

In the case here cited, the nominal plaintiff offered in evidence a note payable to himself, and by him endorsed to Stone. But on objection, the Circuit court refused to permit the note to go as evidence to the jury. The decision was sustained by the Supreme court, and in the opinion it was remarked, that though " the holder of an instrument of this kind would be presumed to be the owner until the contrary appears, there the contrary did appear by the acknowledgment of the plaintiff, in instituting the suit for the use of the indorsee."

Hence it appears, that this court considered the

plaintiff's right of recovery to depend on the truth of the fact, whether or not he was the owner of it; and notwithstanding the legal presumption of ownership, it was subject to be rebutted, and if successfully done, the plaintiff must fail in his action.    This I think the correct rule of practice, and that it has a general application; and it is more particularly necessary and proper, when from the nature of the issue, as in this case, it may be essential to the merits of the controversy.    To determine the issues of *payment* or *set-off*, it may be indispensable to know in whom the beneficial interest of the note resides : also the specific fact of ownership was directly in issue, and evidence to rebut what was clearly a legal *presumption*, was offered by the defendant below, nor was any objection to its competency urged : to the benefit of this he was surely entitled.

It is not intended to intimate an opinion, that if it had appeared in evidence that the plaintiff held the note only as agent for the rightful owner ; and had, by his authority, express or implied, orally or in writing, sued in his own name, that he could not have so recovered.    We decide, however, that the defendant should, under the issues, have been permitted to investigate the plaintiff's interest in the note, and contest his authority to sue upon it; and had it been found that he had no legal authority to sue on the paper he should have failed in the recovery.

The judgment must therefore be reversed, and the cause remanded.