# JULY TERM, 1841.

## DUNBAR VS. BREESE.

1. INDORSER — WITNESS. — An indorser of a promissory note is not a competent witness on a trial between the indorsee and the maker, to prove that the note was void, on account of a failure or illegality of the consideration.
2. BILLS OF EXCHANGE, ETC. — After having given currency to negotiable paper, a party to it will not be permitted to invalidate or impair it as a security, nor to change the liabilities of the parties respectively, contrary to the tenor and form of the paper and its indorsements, to the prejudice of a subsequent holder.

ERROR to the District Court for *Milwaukee* County. *Breese* brought an action of assumpsit in the Milwaukee district court against *Dunbar*, upon a negotiable promissory note, executed by *Dunbar* to one James Sanderson, and indorsed by Sanderson to *Breese*. On the trial, *Dunbar* offered Sanderson as a witness to prove that the consideration of the note upon which the suit was brought was fraudulent bank notes, which were of no value; that the note was an accommodation note, given in fact to *Breese* himself, who paid said fraudulent bank notes for it, and that it was void in its inception. The plaintiff objected to the competency of Sanderson as a witness; which objection was sustained, and the witness excluded by the court below. A verdict and judgment were rendered in favor of the plaintiff; to reverse which the defendant below prosecuted a writ of error.

*J. E. Arnold,* for plaintiff in error.
*H. N. Wells,* for defendant in error.

DUNN, C. J.  This case is brought into this court by writ of error to the judgment of the district court of Milwaukee county, at the June term, 1841.  The suit in the district court was brought by *Josiah S. Breese,* defendant in error and plaintiff below, against *Sylvester W. Dunbar,* plaintiff in error and defendant below, on a promissory note, given by *Dunbar* to one James Sanderson, and by him indorsed to the plaintiff, *Breese.*

On the trial, the defendant, *Dunbar,* offered Sanderson, the indorser, as a witness to show the consideration of the note, and that it was void in its inception, who was rejected by the court.  Exception is taken to this opinion, and the question in this court is, did the district court err in rejecting Sanderson as an incompetent witness?

In *Walton v. Shelly,* 2 Term Rep. (opinion by Lord MANSFIELD), the court decided, that although, on the ground of direct interest in the result of a suit by the indorsee against the maker, the indorser of a note might be a witness, yet upon the ground of public policy he was incompetent and should not be admitted.  And this was the rule ·of decision for many years in England, until in *Jordaine v. Lashbrooke,* 7 Term Rep. 601, Lord KENYON delivered the opinion of the court, reversing the doctrine in *Walton v. Shelly,* for the reason that a higher public policy authorized a different rule.  What this paramount policy was, is not satisfactorily stated by the learned judge.  The law, as settled in *Jordaine v. Lashbrooke,* is the rule of decision in England.  In this country the decisions are conflicting.  In New York, in *Winton v. Laidler,* 3 Johnson's Cases, 185, the rule in *Walton v. Shelly* was adopted.  Some years after, the rule was reversed, and the doctrine of *Jordaine v. Lashbrooke* adopted.  But the rule, that a party to a negotiable instrument shall not be permitted to impeach it, is

fully adopted in New Hampshire, Massachusetts, Pennsylvania, and, it would seem, in Virginia and South Carolina. See *Houghton v. Page*, 1 N. H. 60 ; *Warren v. Merry*, 3 Mass. 27·; *Parker v. Lovejoy*, id. 365 ; *Churchill v. Suter*, 4 id. 156 ; *Barker v. Prentiss*, 6 id. 430 ; *Jones v. Coolidge*, 7 id. 199 ; *Manning v. Wheatland*, 10 id. 506 ; *Hartford Bank v. Barry*, 17 id. 94 ; *Packard v. Richardson*, id. 122 ; *Knight v. Putnam*, 3 Pick. 184 ; *Stills v. Lynch*, 2 Dall. 194 ; *Respublica v. Ross*, id. 242 ; *Shaw v. Wallis*, 2 Yeates, 17 ; *Hepburn v. Cassell*, 6 Serg. & Rawle, 113 ; *Bank of Montgomery v. Walker*, 9 id. 229 ; *Wilson v. Lennox*, 1 Cranch, 194–202, n.

The true. meaning of the rule in *Walton v. Shelly* is that a party, after having given currency to negotiable paper, shall not be permitted to invalidate it, nor to impair it as a security, nor to change the liabilities of the parties respectively, contrary to the tenor and form of the paper and the indorsements thereon, to the prejudice of the holder. A party to such an instrument is not admitted to testify to facts which may show that the plaintiff is not such a holder as is protected, so as to let in his testimony afterward to invalidate the note. *Gest v. Espy*, 2 Watts, 265.

The weight of authorities, strengthened by the soundest reasoning, seems to sustain, fully, the true meaning of the rule in *Walton v. Shelly ;* and this court is of opinion that the decision and judgment of the district court of Milwaukee county, rejecting Sanderson, the indorser, as an incompetent witness, be affirmed, with costs, in favor of *Breese*, the defendant in error and plaintiff below.