*First Judicial District.*

## In the Court of Quarter · Sessions of Philadelphia.

---

## COMMONWEALTH *v.* MAGEE.

1. A judge may, where the evidence is uncontradicted, tell the jury, that it is their duty to convict.

2. Commonwealth *v.* Keenan, 30 Legal Intelligencer, 417, followed.

**Motion for a new trial and in arrest of judgment.**

Opinion delivered December 6, 1873, by

PEIRCE, J. This motion is made on two grounds :—

1. For errors in permitting the commonwealth to stand aside jurors without showing cause of challenge until the panel had been called.

2. For misdirection of the judge in his charge to the jury.

The first question has been disposed of in the opinion of Allison, P. J., delivered this day in the case of the Commonwealth *v.* Keenan, Legal Intelligencer, volume 30, page 416, for selling liquor without a license af-firming the right of the commonwealth in cases of misdemeanor to stand aside jurors, as had previously been affirmed in cases of felony in Common-wealth *v.* Morrow, 3 Brewster, 402.

The evidence against the defendant was clear and explicit by two witnesses, who testified to having bought and drunk liquors at the defen-dant's place within this year ; one said he thought it was in the month of April ; the other said, "one time was in April, I remember."

The defendant offered no testimony. There was nothing in the matter of the witnesses to call in question their veracity, or in the slightest degree to impugn their evidence. The counsel for the defence did not in any manner question the truth of their evidence, but confined his address to the jury to an attack upon the law and the motives of the prosecutors.

Were the jury, under these circumstances, at liberty to disregard their oaths and acquit the defendant? They had been solemnly sworn to try the case according to the evidence, and a regard to their oaths would lead them but to one conclusion, the guilt of the defendant. After carefully stating the evidence to them, I told them that I had no hesitation in saying that it was their duty to convict the defendant. The counsel for the commonwealth states the charge to have been "The judge declared that he had no hesitation in saying, that under the evidence, it was the duty of the jury to render a verdict of guilty under the bill of indictment." But no matter which form of expression was used, it was the evidence to which I had just called their attention that indicated their duty, and in view of which the remark was made.

I perceive no error in this. It was not a direction to the jury to convict the defendant. It was simply pointing them to their duty. Jurors are bound to observe their oaths of office, whether it will work a conviction or acquittal of defendant, and they are not at liberty to disregard uncontradicted and unquestioned testimony at their mere will and pleasure. Where, however, the testimony is contradicted by testimony on the other side, or a witness is impeached in his general character, or by the improbability of his story, or his demeanor, it would be an unquestionable error in a judge to assume that the facts testified to by him had been proved.

In Delany *v* Robinson, 2 Wharton, 507, Chief Justice Gibson says: "It will not be pretended that a jury may find capriciously and without the semblance of evidence, or that the court may not set aside their verdict for palpable error of fact; and if it may subsequently unravel all they have done, why may it not indicate the way to a wholesome conclusion in the first instance. * * * * Without this process of judicial review causes would frequently be determined, not according to their justice, but according to the comparative talents of the counsel. To hold the scales of justice even, a judge may fairly analyze the evidence, present the question of fact resulting from it, and express his opinion of its weight, leaving the jury, however, at full and active liberty to decide for themselves. The judge who does no more than this, transcends not the limits of his duty." This was said in a case in which there was a conflict of testimony.

It is the duty of the court when it is decidedly of opinion that the evidence given by the plaintiff, supposing it to be all true, does not tend to prove such facts as will in law entitle him to recover, to tell the jury

so. And if the jury were, after such direction from the court, to find a verdict for the plaintiff, it would be the duty of the court to set it aside and grant a new trial. Matson *v.* Fry, 1 Watts 435, Kennedy, J.

To submit a fact destitute of evidence, as one that may nevertheless be found, is an encouragement to err, which cannot be too closely observed or unsparingly corrected. Slooppe *v.* Latshaw, 2 Watts 267, Gibson. C.J.

It is an error in the court to submit a fact to the jury of which there is no proof. Miller *v.* Cresson, 5 W. & S. 284.

When the evidence on a question is all one way the court is justified in not transmitting the question as one of fact to the jury. U. S. *v.* 1 Still, 5 Blatch. C. C. 403. See also Davis *v.* Handy, 6 B. & C. 154, in which Abbot, J. says : " Where a witness is unimpeached in his general character, and uncontradicted by testimony upon the other side, and there is no want of probability in the facts which he relates, I think a judge is not bound to leave his credit to the jury, but to consider the facts he states as proved, and to act upon them accordingly.

To warrant an unqualified direction to the jury in favor of one party or the other, the evidence must either be undisputed, or the preponderance so decided that a verdict against it would be set aside and a new trial granted.

The rule with regard to the positive instruction of the court to find facts admits of the qualification, that where the verdict is in strict accordance with the weight of evidence, and justice has consequently been done, a new trial will not be granted, though the direction be positive. Graham and Waterman on New Trials, 751.

There are occasions when it becomes the solemn duty of a judge, in maintenance of the law and furtherance of public justice, to express his opinion clearly and unmistakeably upon the facts submitted in evidence. And this was one of these occasions. The law under which the defendant was prosecuted has been openly derided and defied. Bad men have conspired to defeat it. They openly violate it, and perjured witnesses, and juries disregardful of their oaths, have given impunity to the transgressors. And all this has occurred in the very tribunals of justice seeking to administer the law and in the course of its administration. A judge who would hesitate, under these circumstances, to instruct a jury in their duty, would seem to me to be unworthy of the trust reposed in him.

No objection was made to the charge by the counsel for the defendant at the time it was given, and the jury, after deliberate consideration, rendered a verdict of guilty. The motion for a new trial is refused.

Magee was sentenced to undergo an imprisonment in the county prison for six months, and to pay a fine of fifty dollars and costs of prosecution.

*Lewis D. Vail* and *Geo. D. Stroud*, Esqs., for commonwealth ; *Jos. A. Bonham* and *James A. Heverin*, Esqs., for defendant.