### DALLYN et al. v. BRADY.

#### (District Court, M. D. Pennsylvania. June 2, 1913.)

#### No. 398.

COURTS (§ 328*)—FEDERAL COURTS—JURISDICTION—AMOUNT IN CONTROVERSY —PROTEST FEES.

Where, in an action on a protested bill of exchange, plaintiff was entitled to recover, in addition to the principal, exclusive of interest and costs, certain protest fees, and they, added to the principal, exceeded $2,000, plaintiff was entitled to add such protest fees to the principal in order to establish federal jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*]

At Law. Action by Frederick Edwin Dallyn and another, doing business under the name of Dallyn, Jardine & Co., citizens of Ontario, Canada, against Andrew Brady, a citizen of Pennsylvania. On plea to the jurisdiction. Denied.

See, also, 197 Fed. 494.

Fred H. Ely, of Philadelphia, Pa., and H. C. Brenneman, of York, Pa., for plaintiffs.

Johnson & McNarney, of Emporium, Pa., for defendant.

WITMER, District Judge. This court heretofore, in overruling a plea to the jurisdiction, held that the plaintiff might institute and maintain his action in the District Court after January 1, 1912, since the right of action in the Circuit Court arose and was complete prior to that date; the amount claimed and in controversy, exclusive of interest and costs, being $2,002.09.

Since then the court's attention was specially directed, by supplemental plea, to the fact that $2.09 of the amount claimed in plaintiffs' declaration is for protest fees, which it is argued should be deducted from the amount of plaintiffs' claim and excluded from the computation of the jurisdictional amount. The matter in dispute, exclusive of interest and costs, does not exceed the sum of $2,000, if the protest

---

fee is not to be regarded as a portion or part of the amount in controversy. Under the well-established rule in Pennsylvania, the plaintiffs included in their declaration or statement of claim the item paid for protesting the bill on which the suit is rested. The protest charges are a part of the amount in dispute as claimed, in evident good faith, for which plaintiffs may recover in a general verdict, if entitled to maintain their suit.

In Wilson v. Lenox, 1 Cranch, 194, 2 L. Ed. 79, it was said by Chief Justice Marshall that in Virginia, where authority was granted by statute to a person having a right to demand any sum of money upon a protested bill of exchange to commence and prosecute an action of debt for principal, damages, interest, and charges of protest against the drawers or indorsers, "the charges of protest constitute an essential and component part of the debt for which the action was given."

Why the protest charges should not be likewise so regarded here in Pennsylvania, where courts have equally recognized in manner the right of recovery, though without statute, is a matter for which no good reason appears. If the plaintiffs have any authority or right whatever to recover by verdict for such item embraced in their statement of claim, it must necessarily be regarded as a part of the debt due the plaintiffs from the defendant, and must be taken into account in ascertaining the amount in controversy.

The plea to the jurisdiction is overruled, and the defendant may plead or answer over.