# Samuel Pleasants surviving administrator of Israel Pemberton ·*against* Anne Pemberton administratrix of Joseph Pemberton.

S. C. 2 Dall. 196.

A guardian who has signed a receipt for 4000 continental dollars on 19th Feb. 1780, may (under a release from his ward) be a witness to prove, what passed at and immediately before the subscription of the receipt.

The rule, that a party shall not be permitted to give testimony to invalidate an instrument which he has signed, is now confined to negotiable instruments.

CASE. The declaration consisted of three counts:—1st, Money lent. 2d, Money had and received to the plaintiff's use; and 3d, *Insimul computasset.*

The defendant pleaded *non assumpsit* and payment, and the statute of limitations.

The action was brought for the use of George Fox, esq. and Mary his wife, who was the only child of Charles Pemberton, one of the sons of Israel Pemberton, to recover a sum of money which Joseph Pemberton the intestate, owed to his father's estate, in order to equalize their dividends of the personal estate of the said Israel.

The defendant gave in evidence a receipt for 4000 "continental dollars," to the said Joseph Pemberton, in his life time, subscribed by Doctor Thomas Parke, (guardian of the said Mary Pemberton, now Fox,) on account, dated 19th February 1780.

On the part of the plaintiff, Dr. Parke was called as a witness, to prove what passed at and immediately before the time of subscribing the receipt, when the money was so greatly depreciated. Should any objection be made to his competency on the ground of interest, they offered a release on the part of Mr. and Mrs. Fox to obviate that difficulty.

The defendant's counsel contended that such evidence was not admissible, but took no exception on the ground of interest. They insisted that it was a general rule of law, founded on public policy, that no one who has signed a paper or deed, shall * ever be permitted to give testimony to [*203 invalidate that instrument which he has so signed. 1 Term Rep. 300, 1, 2, 3. A contrary practice would be attended with great mischiefs. Suppose a person about to purchase lands under the incumbrances of judgments, he is shewn receipts and vouchers for different sums of money, and giving faith thereto, makes his contract and pays the consideration, reserving a sufficient sum in his own hands to settle such judgments as are apparently unsatisfied. If the vouchers which have been shewn him are subject to be explained and

frittered away by parol testimony, especially of the persons who have signed such receipts, his situation will be rendered very insecure. A witness shall not be permitted to deny his own attestation. 4 Burr. 2225.

By the court. The rule which has been cited is confined by the latest decisions to "negotiable" instruments; and the ground of it is, that it is holding out false credit to the world. 3 Term Rep. 32, 34, 36.

Dr. Parke is not called to invalidate his receipt, but to prove an extraneous fact. The expression in it, of "continental dollars," as late as 19th February 1780, when such money was depreciated at the rate of 47½ for 1, is remarkable, and requires explanation. This can only be done by the witness, Joseph Pemberton being dead, and no one else present at the transaction. In 1 Term Rep. 301, Willes Justice cites a case ruled by him, where two brothers joined in an assignment of a ship, and one of them was admitted to shew that he had no property whatever in the vessel, but joined in the assignment at the express instance of the vendee, who otherwise would not accept the assignment; and the Court of Common Pleas refused to set aside the verdict. We are therefore unanimously of opinion, that Dr. Parke's testimony be admitted.

Verdict for plaintiff for 1719l. 3s. 8d.

Messrs. Ingersoll and Rawle, *pro quer.*

Messrs. Sergeant, Wilcocks and Tilghman, *pro def.*

Cited in 1 Y., 571; 5 Wh., 575; 8 Watts, 309; 2 Bin., 165; 4 S. & R., 228; 9 S. & R., 236; 5 Wh., 575; 2 Watts, 268; 17 Pa., 82; 20 Pa., 471; 3 Grant, 123.

In Harding v. Mott, 20 Pa., 471, BLACK, C. J., said: "In Walton v. Shelley (1 Term Rep., 296), it was ruled that a witness could not be heard to impugn a paper to which he had set his own hand. Ten years afterwards this rule was repudiated by the same court which established it (Jordaine v. Lashbrooke, 7 Term Rep., 600). In New York it was adopted in Winton v. Saddler (3 Johns. Cases), and abandoned afterwards in Stafford v. Rice (5 Cowen, 25), Bank v. Thilliard (5 Cowen, 158), Williams v. Walbridge (3 Wendell, 416). But several of the other states have received the doctrine in a modified shape, and maintained it steadily; for instance, Massachusetts, Maine and New Hampshire. It has received the express endorsement of the Supreme Court of the United States, in the Bank v. Dunn (6 Peters, 51), and in the United States v. Leffler, (11 Peters, 95). In Pennsylvania it was recognized in Pemberton v. Pleasants (2 Dall., 196), and has been adhered to by this court ever since in a great number of cases, though in Griffith v. Reford (1 Rawle, 197), it escaped an overthrow very narrowly, Huston and Todd, Justices, being both opposed to it. Since the last mentioned case, which was decided in 1829, the question does not seem to have been considered an open one."

The Act of 1869 has changed the rule that a party to negotiable paper is incompetent to testify to anything tending to impeach its validity at the time it passed out of his hands in the course of business. State Bank of Harrisburg v. Rhoads, 89 Pa., 353.