The opinion of the Court was delivered by
Tilghman C. J.
On the trial of this cause, the plaintiff having proved the execution of the promissory note on which his action was founded, and the hand-writing of M1-Donnell, the payee, by whom it was indorsed, the defendant offered *399 the said M‘Donnell as a witness to prove, that the consideration of the note was a private debt due to the said MiDonnell from Richard K. Dowling one of the defendants, who had signed the note with the name of the firm of Cochran and Dowling. The plaintiff objected to the competency of the witness, but the Court admitted his testimony, to which the counsel for the plaintiff excepted. It was the interest of the witness, that the plaintiff should recover. The plaintiff therefore could have no reason to object to his testimony,' except that, by indorsing the note he had given credit to the paper which his evidence was intended to destroy. In what cases a man’s putting his hand to a paper, shall preclude him from giving testimony to destroy it, has been heretofore fully considered and decided by this Court, in Baring v. Shippen, 2 Binn. 154. The exclusion is confined to commercial negotiable instruments, such as promissory notes and bills of exchange, which pass and are circulated by indorsement, and sometimes by bare delivery. But it is not sufficient, that the instrument should be negotiable, it must also be negotiated in the usual course of business. A note not negotiated until the day of payment is past, (as was the case in the present instance,) is out of the usual course of business. It carries dishonour on the face of it; the man who takes it, ought to inquire why it was not duly paid ; and having taken it under suspicious circumstances, he stands in the situation of the person who was holder at the time it was due. The indorsement transfers a right of action to the indorsee, in the same manner as the assignment of a bond under our act of assembly, passes a right of action to the assignee ; but the indorsor in the one case, and the assignor in the other, are competent witnesses to prove the illegal consideration of the writing to which they have put their names. But another objection is made to M'-DonnelFs evidence. Granting, says the plaintiff, that he was a competent witness in case he had. chosen to give his testimony, yet he objected, and the Court had no right to compel him to testify against his interest. To this the counsel for the defendant answer, that the witness’s being compelled to answer, was a matter between him and the Court, which did not affect his competency, with which the plaintiff has nothing to do, and which therefore he cannot assign for error. There is considerable weight in this answer, but without deciding on it, the Court think it *400 better to'determine the main question, whether a witness may be compelled to give evidence which may affect his interest. It is a question of considerable importance, which often occurs, has never been decided by this Court, and is now open to consideration, on principle. From the nature of society it would seem, that every man is bound to declare the truth, when called upon in a court of justice, except the disclosure will tend to convict him of some crime, or render him subject to some penalty. In such cases, the preservation of liberty requires, that a man should not be compelled to accuse himself. Perhaps too, there may be cases, where he shall not be obliged to give evidence of a matter which may degrade him in the public opinion, though it be not punishable by law. With these exceptions, every man may be compelled on a bill filed against him in equity, to declare the truth, although it affects his interest. Why then should he not be compelled at law, except where he is a party to the suit ? The Court in which he is examined, will take care to protect him from questions put through impertinent curiosity, and confine his evidence to those points which are really material to the question in litigation. So far, his neighbour has an interest in his testimony, and no farther ought he to be questioned. The party to a suit, may object to a witness who is called to prove a thing which promotes his own interest; because in such case his veracity may be suspected; but no objection lies, if he swears against his interest. In the case before us, the witness was called to testify against his interest; there was no objection, therefore, in point of integrity. The plaintiff, against whom he was called, would not be permitted to object. All the objection is on the part of the witness, who claims to be exempted from testifying, as a personal privilege. Our constitution protects him no further than, in not being obliged to accuse himself, which plainly refers to something criminal, penal, or infamous, and not barely to matter of interest. There is no act of assembly to protect him. Neither is he protected by considerations drawn from general policy and the good of society. On the contrary, the general welfare will be best promoted, by considering the disclosure of truth as a debt which every man owes to his neighbour, which he is bound to pay when called on, and which in his turn he is entitled to receive. We are, therefore, of opinion,that the Court of Common Pleas, did ngt ex,» *401 eeed their authority, when they compelled John M1-Donnell to testify in this cause.
Exception was also taken by ,the plaintiff, to the charge of the Court. The substance of the charge was, that one part-her cannot bind another, by giving a note in the partnership name, for his own private debt. In this, certainly there was no error. We are therefore of opinion, that the judgment should be affirmed.
judgment affirmed.