## EMERICK *against* HARLEY.

### IN ERROR.

The drawer of a promissory note is not a competent witness in an action by the holder against the endorser, to prove that the plaintiff was an original party to the drawing of the note, and agreed not to hold the defendant responsible for his endorsement.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought by Francis Harley against Peter K. Emerick.

The action was brought on a promissory note drawn by George Emerick in favour of and endorsed by the defendant, dated the 2d day of August 1832, at sixty days, for $483 30.

At the trial on the 19th of January, 1836, before JONES, J., the defendant's counsel gave in evidence a bond (which was produced by the plaintiff on notice,) executed by George Emerick, the drawer of the note, to the plaintiff, dated the 27th day of February, 1832, in the penal sum of $10,000, with the following condition.

" The condition of this obligation is such, that if the above bounden George Emerick, his heirs, executors or administrators, shall, and do well and truly pay and take up, or cause to he paid or taken up at maturity, all promissory notes which he, the said George Emerick hath drawn, and may hereafter draw in favour of the said Francis Harley, and all other notes which he, the said Francis Harley now holds, or has endorsed, or hereafter may hold and endorse, and which the said George Emerick by writing has guaranteed and may guarantee, and shall, and do well and truly pay or cause to be paid to the said Francis Harley, his executors, administrators or assigns, all such sums of money as he the said Francis Harley hath in any way advanced or become liable for, or may hereafter advance and become liable for, by drafts or orders drawn or to be drawn by the said George Emerick, or otherwise to accommodate the said George Emerick, and shall, and do well and sufficiently save and keep harmless and indemnified the said Francis Harley, his heirs, executors and administrators, of, and from all losses, protests, actions, suits, judgments, executions, costs, expenses, damages and demands concerning the same without fraud or delay, then the above obligation to be void, or else to be in full force and virtue."

The defendant also gave in evidence the warrant of attorney ac-

companying the said bond; bearing even date therewith, by virtue of which, judgment was entered in the District Court, for the said penal sum of ten thousand dollars, on the 29th day of February, A. D. 1832. The defendant also gave in evidence an account in the handwriting of the plaintiff, dated Philadelphia, March 1st, 1834, headed,

" Mr. George Emerick, Dr.          to Francis Harley,"
and containing among others the following items: " Oct. 15, 1832. George Emerick's note, in favor of P. K. Emerick, dated August 2nd, 60 days          $483 30
                    Protest 1 38"

The defendant's counsel then offered George Emerick the drawer of the note, as a witness to prove the following facts.

" That the note claimed in the said action was signed by George Emerick the drawer thereof, for a valuable consideration, and is not invalidated or impeached except so far as respects a recovery by the plaintiff, (to whom the said note was originally given) from the present defendant.   That the present plaintiff agreed to exonerate, or hold not liable or responsible the defendant from any liability on this note.   That there were several notes on which the said drawer, George Emerick, was liable to the plaintiff, and which the plaintiff had discounted; and that the said George Emerick, the drawer, became extremely ill, and was not prepared to take up the paper when it became due, at which time the plaintiff told the said George Emerick, that if the said George Emerick would give him, the said plaintiff, a bond on his, the said George Emerick's property, he would release and take his, the said George Emerick's simple paper for all that was coming to him ; to which the said George Emerick afterwards agreed, and did give him such bond, provided the bond would not be entered up, unless some subsequent judgment should come, of which the said George Emerick would inform the plaintiff.   That a suit was subsequently instituted against the said George Emerick, by another person, of which said George Emerick informed the plaintiff, but found he had already entered up the bond, in breach of his agreement, but said he did not intend to do any thing to injure the said George, and that he would take the said George's own note in place of the one in question (in this suit,) and others. That in the meantime some other notes became due, and the plaintiff took the simple notes of the said George Emerick therefor.   That after this note became due, the plaintiff said that he was cramped, and solicited witness to give him the same kind of paper ; that of the said George had laid over, but with the same kind of paper (that is, with the defendant's endorsement,) he would get the money, and said, ' remember, I do not hold your brothers' (one of whom is the defendant) ' responsible, it being merely for my accommodation,' which was communicated to the defendant.   That the said plaintiff

(Emerick *v.* Harley.)

had repeatedly said he did never expect to get anything from the defendant, as he did not hold him liable ; and even so late as the month of March, 1834, the plaintiff rendered to the said George an account, in which he charged him with the note in question in this suit ; and that afterwards, he sold property of the said George to a considerable amount."

The witness was objected to by the plaintiff's counsel, and the judge ruled that his testimony was not admissible, on the ground that being a party to the note, he was not competent to invalidate it.* The defendant's counsel excepted to this decision, and on the return of the record, assigned for error the rejection of the witness.

Mr. *Keemlé* and Mr. *Kittera,* for the plaintiff in error, admitted that the rule in Pennsylvania, as laid down in *Griffith* v. *Reford,* (1 *Rawle,* 196,) and *Gest* v. *Espy,* (2 *Watts,* 265,) was that a party to a negotiable note, actually negotiated, cannot be a witness to invalidate it ; but they contended that the rule did not apply as between the original parties, and endeavoured to show from the condition of the bond given in evidence, that Harley, the plaintiff, was to be considered in the same light, and was subject to the same equities. They cited also *Hill* v. *Ely,* (5 *Serg. & Rawle,* 365.)

Mr. *J. P. Norris* and Mr. *Scott,* relied on *Griffith* v. *Reford* and *Gest* v. *Espy,* as ruling this case, which they contended was the same as the latter in all material circumstances. That the rule was the same in the Supreme Court of the United States, they argued from the case of the *Bank of the Metropolis* v. *Jones,* (8 *Peters's Rep.* 12.)

Per Curiam.—This case cannot be distinguished from those cited at the bar, in which this Court has held that a party to a note is inadmissible to prove that the note was not actually negotiated to the plaintiff in the ordinary course of such transactions. The condition of the bond given in evidence certainly proves nothing of the kind ; and there is nothing else upon the record, to lay a foundation for the testimony offered. The witness was therefore properly rejected, and the judgment must be

Affirmed.

* See 1 *Miles,* 36, (*Harley* v. *Emerick,*) for the opinion of the District Court in another action between the same parties, where the same question arose.