[ PHILADELPHIA, FEBRUARY 24TH, 1840. ]

## JARDEN *against* DAVIS.

### IN ERROR.

1. In an action by an endorsee against the maker of a note, the plaintiff is not bound to show what consideration he gave for the note, although notice has been given to him to prove the consideration, unless the defendant has given evidence tending to show facts which ought to exonerate him from payment, except as against a *bona fide* holder for value.

2. The payee and endorser of a promissory note is not a competent witness in an action by the endorsee against the maker, to prove that the plaintiff agreed with the defendant at the time the note was given and endorsed to the plaintiff, that if the defendant would sign the note, the plaintiff would not in any event call on him for payment.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action of assumpsit, brought by Daniel S. Davis against John Jarden.

The plaintiff declared as endorsee of a promissory note made by the defendant, dated the 19th day of December, 1836, at sixty days, for two hundred dollars, payable to the order of Daniel Copple, and by him endorsed to the plaintiff. The declaration contained also the common money counts, &c. The defendant pleaded *non assumpsit*, payment, and set-off, with leave, &c.

(Jarden v. Davis.)

Upon the trial, before Jones, J., on the 24th of January, 1839, the plaintiff gave in evidence the promissory note mentioned in his declaration, the handwriting being admitted.

The defendant gave in evidence a notice to the plaintiff dated May 29th, 1837, that on the trial of this case the plaintiff would be required to prove what consideration he gave for the note on which the suit was brought; and insisted that the consideration must be shown before the defendant could be called on for his defence.

The learned judge who tried the cause decided that the plaintiff was not bound to show a consideration until the defendant had given evidence tending to show facts which ought to exonerate him from payment, except as against a *bona fide* holder for value. To which the defendant excepted.

The defendant then called Daniel Copple, who stated on his *voir dire*, that he was the payee and endorser of the note. The defendant then offered to prove by him, that the plaintiff agreed with the defendant, that if he, the defendant, would sign the note, he, the plaintiff, would not in any event call on him for payment; and that this was the agreement of the plaintiff with the defendant at the time the note was given and endorsed to the plaintiff.

The plaintiff's counsel objected, and the witness was rejected as incompetent. The defendant's counsel excepted.

The defendant's counsel then offered the same witness to prove the following facts :—" That the witness borrowed of the plaintiff one hundred and thirty-four dollars in 1836; and when it became due, at the request of the plaintiff, he got Mr. Jarden, the defendant, to give a promissory note for two hundred dollars, of which the one now in suit is the last in the series of renewal ; and that the plaintiff agreed with the defendant, that if he would give his name, that when the note became due, he, the plaintiff, would pay it ; and that the note was drawn, given and paid by the plaintiff, and that another note was given on the same conditions for two hundred dollars; at the maturity of which another was drawn in the same way, and on the same conditions, signed by the defendant."

In connection with that testimony, the defendant also offered in evidence two promissory notes of the series, each for two hundred dollars, the first dated October 15th, 1836, at sixty days, by the defendant to Daniel Copple, the witness, endorsed by him and by the plaintiff; the other dated February 9th, 1836, for two hundred dollars, by the defendant, to the witness, and endorsed by the witness.

To all which the plaintiff's counsel objected, and the Court sustained the objection; whereupon the defendant's counsel excepted.

The points of testimony were reserved at the request of the counsel ; and afterwards, on the 22d day of March, 1839, the points so reserved were decided by the Court in bank, in favour of the plaintiff. And thereupon the counsel for the defendant excepted to the decision and opinion of the Court in bank ; and removed the record to this Court.

The following errors were assigned.

" 1. The Court erred in deciding that the plaintiff was not bound to show the consideration of the note on which suit was brought, until the defendant had given evidence tending to show facts which ought to exonerate him from payment, except as against a *bona fide* holder for value.

2. The Court erred in rejecting the evidence of Daniel Copple, as mentioned in the second bill of exceptions.

3. The Court erred in rejecting the evidence of the same witness, when offered a second time, as mentioned in the third bill of exceptions."

Mr. *Perkins,* for the plaintiff in error, on the first point cited *Delauny* v. *Mitchell,* (1 *Stark. Rep.* 439 ; 2 *Eng. Com. Law Rep.* 462 ;) and *Spooner* v. *Gardner,* (*R. & M.* 86 ; 21 *Eng. Com. Law Rep.* 386.)

The second and third errors assigned are the important ones. The witness was offered to prove a substantive, independent agreement between the plaintiff and defendant, in relation to the note, and was rejected, not on account of interest, but on the ground of his name being on the note. *Walton* v. *Shelly,* (1 *Term Rep.* 296,) is the first case that decided that a witness, otherwise competent, must be excluded, because his name was to the instrument, and owes its authority, not to the correctness of the decision, but to the reputation of the eminent judge by whom it was decided. The rule supposed to be established in that case was very soon restricted in England to negotiable instruments. *Bent* v. *Baker,* (3 *Term Rep.* 36.) In *Jordain* v. *Lashbrook,* (7 *Term Rep.* 601,) decided in 1798, all the cases were reviewed, and the rule laid down in *Walton* v. *Shelly* decided not to be law ; and it has never obtained in England since. *Jones* v. *Brook,* (4 *Taunt.* 464.) *Reay* v. *Packwood,* (7 *A. & E.* 917 ; 34 *Eng. Com. Law Rep.* 258.) The decision in *Stille* v. *Lynch,* (2 *Dall.* 194,) was made at Nisi Prius, and on the authority of *Walton* v. *Shelly.* In *Pleasants* v. *Pemberton,* (2 *Dall.* 196,) the limitation laid down in *Bent* v. *Baker* was adopted, restricting the rule to negotiable instruments. S. C. 1 *Yeates,* 202. *Baring* v. *Shippen,* (2 *Binn.* 165-8.) *M'Ferran* v. *Powers,* (1 *Serg. & Rawle,* 102-7.) It is now held to apply only to negotiable instru-

(Jarden *v.* Davis.)

ments actually negotiated in the usual course of business. *Blagg* v. *Phœnix-Ins. Co.* (3 *Wash. C. C. R.* 5.)    *Baird* v. *Cochran*, (4 *Serg. & Rawle*, 399.)    *Hepburn* v. *Cassel*, (6 *Serg. & Rawle*, 113.)   *Bank of Montgomery* v. *Walker*, (9 *Serg. & Rawle*, 236.)    *Miller* v. *Henderson*, (10 *Serg. & Rawle*, 290.)   *Griffith* v. *Reford*, (1 *Rawle*, 196.) *Gest* v. *Espy*, (2 *Watts*, 265-9.)   *O'Brien* v. *Davis*, (6 *Watts*, 498.) The note in this case was in the hands of an original party to the agreement, as we offered to prove; and according to *Powell* v. *Waters* (8 *Cowen*, 692, 705,) had never been negotiated, in the legal sense of the term.

Mr. *Hare,* contra.—The rule of evidence, by which the testimony was excluded in this case, is too well established to be now shaken. The case of *Griffith* v. *Reford* is in point, and conclusive.    The mischief would be very great if the Court should depart from the well considered practice.    There is nothing peculiar in this case. *Bank of U. States* v. *Dunn*, (6 *Peters*, 56.)   *Hoare* v. *Graham* (3 *Campbell*, 56.)

Per Curiam.—With the immaterial difference, that the witness is the payee, instead of the drawer, the case before us is precisely that of *Griffith* v. *Reford*, which we are not prepared to overrule.    In *O'Brien* v. *Davis*, the action was brought by a prior against a subsequent endorser, and consequently not on the contract of endorsement at all ; and the judgment, it will be seen, did not involve the principle of *Walton* v. *Shelly*, as it would otherwise have done : that case is therefore not a precedent for the present, and consistency of decision requires us to adhere to the established rule.

Judgment affirmed.