[ PHILADELPHIA, MAY 2D, 1840. ]

## MITCHELL *against* CONROW.

### IN ERROR.

In an action by the endorsee of a note against the maker, the endorser is a competent witness, on being released by the defendant, to prove an agreement between the plaintiff and himself, after the note had come into the plaintiff's hands, whereby the plaintiff agreed that he would not sue or trouble the defendant, whom he knew to be merely an accommodation party, if the endorser would give him (the plaintiff) a judgment bond for the amount of the note and other money, due by the endorser to him, and to prove that the bond was accordingly given by him (the witness) and accepted by the plaintiff.

ERROR to the District Court for the City and County of Philadelphia.

William G. Conrow brought an action of assumpsit against George H. Mitchell, on a promissory note made by the defendant, dated Philadelphia, May 14th, 1838, at four months, in favour of G. W. Gest, for four hundred and twenty-five dollars and fifteen cents, endorsed by G. W. Gest.

The declaration contained but one count, viz., upon· the note. The pleas were non assumpsit and payment with leave, &c.

On the trial before STROUD, J., on the 29th day of October, 1839, the plaintiff's counsel read the note in evidence, the handwriting being admitted.

The defendant's counsel produced one William Hinkle, as a witness, who testified as follows:

" The warrant of attorney now shown to me, was executed by George W. Gest, and witnessed by myself. The check for seventeen dollars and forty-two cents now shown to me, dated May, 16, 1838, was drawn by me on G. W. Gest's account, on the Penn Township Savings Institution, of which I was at that time, and am still, the cashier. The words " Interest on G. H. Mitchell," on the check, mean, I presume, interest on G. H. Mitchell's note. We

have been frequently authorised to draw a check on the account of a customer. G. H. Mitchell's note was done at legal interest, and entered regularly in the discount book."

The counsel for the defendant then offered as a witness, George W. Gest, who testified as follows:

"The warrant of attorney now shown to me was executed by me; there was a bond connected with it, dated on the same day, June 2, 1838. I confessed that bond and warrant to Conrow, the plaintiff, on the 2d of June, 1838."

The counsel for the plaintiff here objected to the further examination of the witness, and called upon the counsel for the defendant to state what they offered to prove by him.

The counsel for the defendant then offered to prove by the witness, that the plaintiff, after he had become the holder of the note in suit, entered into an agreement with Gest, by which he engaged, on receiving the bond and warrant from Gest, as an additional security for the payment of this and other notes by Gest, for whom the plaintiff (in behalf of the Penn Township Savings Institution) had discounted the note; that he, the plaintiff, would not sue or trouble the defendant on the note now in suit, whom he, the plaintiff, knew to be an accommodation party to the note; and that he, the plaintiff, had received from Gest the bond and warrant.

The counsel of the defendant accompanied their offer with the tender of a release under seal, from the defendant to the witness, releasing him from all claims growing out of the note in suit.

The counsel for the plaintiff objected to the witness testifying farther; and the Court sustained the objection. The counsel for the defendant then excepted to the opinion of the Court, and to their decision in rejecting the evidence.

The warrant of attorney proved by the witnesses was dated the 2d of June, 1838. It recited a bond from Gest to Conrow, bearing even date therewith, in the sum of twelve thousand dollars, conditioned for the payment of six thousand dollars in one year, with interest; and authorised the entry of judgment in the usual way.

The check referred to was on the Penn Township Savings Institution, dated May 16, 1838, as follows: "Pay to interest on G. H. Mitchell or bearer, seventeen dollars 42 cents.

Per G. W. Gest,<br>
WILLIAM HINKLE."

.A verdict was rendered for the plaintiff, for the full amount of the note, with interest. The defendant then took a writ of error, and filed the following exceptions.

(Mitchell *v.* Conrow.)

" 1. The learned judge who tried the case below, erred, in refusing to admit as witness, G. W. Gest, who was offered to prove an agreement made with the plaintiff below, upon a sufficient consideration, by which the said plaintiff below agreed not to sue or trouble the defendant below, whom he knew to be an accommodation party to the note sued upon.

2. The verdict of the jury and the judgment of the Court were against law and evidence."

Mr. *H. Binney, Jr.,* for the plaintiff in error, cited *Walton* v. *Shelley,* (1 *Term Rep.* 296.)   *Bent* v. *Baker,* (3 *Term Rep.* 36.)   *Goodwin* v. *Lashbrook,* (7 *Term Rep.* 601.)   *Pleasants* v. *Pemberton,* (2 *Dall.* 196 ; *S. C.* 1 *Yeates,* 202.)   *Stille* v. *Lynch,* (2 *Dall.* 194.)   *Baring* v. *Shippen,* (2 *Binn.* 168.)   *M'Ferran* v. *Powers,* (1 *Serg. & Rawle,* 102.)   *Baird* v. *Cochran,* (4 *Serg. & Rawle,* 397.)   *Hepburn* v. *Cassel,* (6 *Serg. & Rawle,* 113.)   *Montgomery Bank* v. *Walker,* (9 *Serg. & Rawle,* 236.)   *Walker* v. *Montgomery Bank,* (12 *Serg. & Rawle,* 382.)   *Griffith* v. *Reford,* (1 *Rawle,* 196.)   *Gest* v. *Espy,* (2 *Watts,* 265.)   *O'Brien* v. *Davis,* (6 *Watts,* 498.)   *Harley* v. *Emrick,* (2 *Wharton's Rep.* 52.)   *Elias* v. *Teill,* (1 *Miles,* 274.)   *Bank U. States* v. *Dunn,* (6 *Peters,* 51.)   *Bank of Metropolis* v. *Jones,* (8 *Peters,* 16.)

Mr. *J. H. Campbell,* contra, cited *Sterling* v. *The Marietta, &c. Trading Co.,* (11 *Serg. & Rawle,* 179.)   *Rhodes* v. *Lent,* (3 *Watts,* 365.)

Mr. *Gerhard* replied.

The opinion of the Court was delivered by

KENNEDY, J.—The only error assigned here, is founded upon a bill of exceptions to the opinion of the Court below, which presents this question : Is the endorser of a negotiable note in an action by the endorsee against the drawer thereof, a competent witness, upon being released by the defendant, to prove an agreement made between the plaintiff and the endorser, subsequently to the giving of the note, and to its coming into the hands of the plaintiff, whereby the latter agreed that he would not sue or trouble the defendant, whom he knew to be merely an accommodation drawer, if the endorser would give him (the plaintiff) a judgment bond, including the money mentioned in the note, and other moneys owing by the endorser at the time, to the plaintiff; and that the judgment bond was accordingly given by the endorser, and accepted by the plaintiff?   The Court below decided against the competency of the witness.   I do not know that this decisision could be sustained, even if the rule, as laid down in *Walton* v. *Shelley,* (1 *Term Rep.* 296,) were to be regarded here as the test.   That rule, however, seems to

(Mitchell *v.* Conrow.)

be nearly, if not wholly, abrogated in England. Here it never was admitted to the full extent laid down in that case. With us it has been confined to the case of *negotiable* instruments, *actually negotiated*, in the usual course of business. *Pleasants* v. *Pemberton*, (2 *Dall.* 196.) 1 *Yeates*, 202. *Baring* v. *Shippen*, (2 *Binn.* 165, 168.) *M'Ferran* v. *Powers*, (1 *Serg. & Rawle*, 102.) *Blagg* v. *Phœnix Ins. Co.*, (3 *Wash. C. C. Rep.* 5.) *Baird* v. *Cochran*, (4 *Serg. & Rawle*, 399.) *Hepburn* v. *Cassel*, (6 *Serg. & Rawle*, 113.) *Bank of Montgomery* v. *Walker*, (9 *Serg. & Rawle*, 236.) *Griffith* v. *Reford*, (1 *Rawle*, 196.) *Gest* v. *Espy*, (2 *Watts*, 268, 265.) *Bank of Pennsylvania* v. *M'Calmont*, (4 *Rawle*, 311.) The rule laid down in *Walton and Shelly* was, that a party, after having given credit to a deed or instrument of writing, should not be permitted to invalidate it by his testimony. But the endorser of the note, in the case before us, was not offered as a witness to impeach the validity of the note; but to show merely that after it had been given and endorsed by him, and as such, being of full force and virtue, the plaintiff, then the holder of it, in consideration of receiving a judgment bond from the endorser, securing the payment of the money therein, including that of the note, agreed in effect, to release the defendant from the payment of the note. It is perfectly clear, that in being called to prove this, the endorser of the note was not offered for the purpose of proving any thing inconsistent with good faith on his part; or that the note was not valid when he passed and gave currency to it by his endorsement of it, as good. The rule applicable to this aspect of the case is laid down in *The Montgomery Bank* v. *Walker*, (9 *Serg. & Rawle*, 236;) and shows that he was competent to prove any facts which took place subsequently to his endorsing the note, which tended to show that the defendant was thereby released or discharged from the payment of it. And this rule, that a party to a negotiable instrument is a good witness to prove any facts subsequent to the due execution of the note, which go to destroy the title of the holder, has been recognised and adopted in several of the sister states. See *Baker* v. *Arnold*, (1 *Caine's Rep.* 258.) *Woodfall* v. *Holmes*, (10 *Johns. Rep.* 231.) *Warren* v. *Merry*, (3 *Mass. Rep.* 37.) *Barker* v. *Prentiss*, (6 *Id.* 430.) *Parker* v. *Hanson*, (7 *Id.* 470.) *Webb* v. *Danforth*, (1 *Day Rep.* 301.) *Man* v. *Swann*, (14 *Johns. Rep.* 270.) *Hulby* v. *Brown*, (16 *Id.* 70.) *Myers* v. *Palmer*, (18 *Id.* 167.) So in conformity to the same principle, a prior endorser of a note was held to be a competent witness for the maker to prove that it was paid. *Charnington* v. *Miller*, (*Peake's New Rep.* 6.) *Humphreys* v. *Moxan*, (*Id.* 52.) *Bayl. on Bills*, 242. *Stark. Evid.* 180. But it has been objected here that the endorser was offered as a witness to prove also that the defendant became drawer of the note for his, the endorser's accommodation; which was held in the case of *The Montgomery Bank* v. *Walker*, could not be. In that case, however,

(Mitchell *v.* Conrow.)

one of the two principal grounds of the defence, was the fact that the defendant or drawer of the note, was an accommodation drawer; but in this case, the circumstance of the defendant having drawn the note for the accommodation of the endorser, was not at all material to the defence set up, but given as the reason or inducement which the endorser had for making the arrangement with the plaintiff, which was offered to be proved, in order to procure a discharge of the defendant from the payment of the note.

It is again objected that the endorser was interested in the event of the suit; because the defendant's having drawn the note for his, the endorser's, accommodation would have entitled the defendant, in case of a recovery had against him, to have claimed and recovered from the endorser, all the costs paid in pursuance of such recovery; which liability the endorser would avoid, if admitted by his evidence to establish a defence for the defendant. But the release tendered removed this objection: and as to the amount of the note, the endorser would still remain liable to the payment of it, let the result in this action be what it may; so that in regard to this, he must be considered indifferent.

The judgment must therefore be reversed, and a *venire de novo* awarded.

Judgment reversed, and a *venire de novo* awarded.