## Davenport *against* Freeman.

In an action by the holder against the endorser of a negotiable note, the maker is an incompetent witness, both on the ground of interest and general policy.

ERROR to the Common Pleas of *Potter* county.

This was an action of *assumpsit* by Davenport, Wycoff & Co. against Seneca Freeman and Almond Woodcock, founded upon the endorsement by the defendants of the negotiable note of John Earl, Jun. The plaintiffs gave in evidence the note of John Earl, Jun. to the defendants, for $500, and their endorsement of it to the plaintiffs; and then proved the waiver of protest by the defendants.

The defendants then offered John Earl, Jun. as a witness to prove that the endorsement of the note by the defendants was upon a condition and for a purpose, which had not been complied with by the plaintiffs. This evidence was objected to, on the ground of the incompetency of the witness. The court overruled the objection and sealed a bill of exception. This was the only material point in the cause.

*White*, for plaintiff in error, argued that the drawer of a negotiable note is incompetent to testify against the validity of it. 9 *Serg. & Rawle* 229; 9 *Watts* 144; 1 *Rawle* 197; 2 *Watts* 267.

*Maynard*, for defendant in error, on the same point, cited 8 *Watts* 304; 6 *Watts* 498.

The opinion of the Court was delivered by

SERGEANT, J.—Both the objections made in the court below to the competency of Earl as a witness, have been already repeatedly decided by this court to be sufficient. The first is, that he is interested in procuring a verdict for the defendants; for, although he would be liable to a suit by the plaintiffs on his note, notwithstanding they should fail here, yet if they succeed, he would be liable over to the defendants, the endorsers, for the costs of this suit, in addition. He has therefore more to gain by the defendants' success, than by the plaintiffs'. This point has been decided in the cases of *The Bank of Montgomery* v. *Walker*, (9 *Serg. & Rawle* 239), and *Smith* v. *Thorne*, (9 *Watts* 144).

The other ground of objection is, that he is the maker of a negotiable note, which passed into the hands of the plaintiffs in the common course of business, as is proved by S. P. Johnson, the witness for the plaintiffs, who says it was delivered to him, as agent for the plaintiffs, as a collateral security for a judgment

III. — 2 w *

[Davenport v. Freeman.]

which the plaintiffs had obtained against Earl. Earl is then offered by the defendants, to show that it was not so; but that it was delivered to the plaintiffs, on condition that they would enter satisfaction to that amount on their judgment against Earl, and that they failed to do so. The tendency of this evidence is to change the consideration on which the note was delivered to the plaintiffs, and to invalidate the note, by reason of their not complying with the condition. This brings the case directly within the point repeatedly decided, that a party to a note shall not be permitted to invalidate it, in the hands of the holder, by showing it was not received in the course of business; and that it was given for a consideration, which has failed. In *Gest* v. *Espy*, (2 *Watts* 268), Mr Justice Rogers, in delivering the opinion of the Court, says, the rule in Pennsylvania, whatever it may be in our sister States, is, that a party to a note cannot be a witness to invalidate it when it is strictly negotiable, and has been actually negotiated. This rule is founded on policy, which protects holders of negotiable paper, who have become so in the common course of business. See also *Hepburn* v. *Cassel*, (6 *Serg. & Rawle* 115); *Baird* v. *Cochrane*, (4 *Serg. & Rawle* 399); *Cromwell* v. *Arrott*, (1 *Serg. & Rawle* 183); *Bank of Pensylvania* v. *M'Calmont*, (4 *Rawle* 311); *Harrisburg Bank* v. *Forster*, (8 *Watts* 309). In *Griffith* v. *Reford*, (1 *Rawle* 196), in a suit by the holder against the endorser, the maker was called by the defendant, to show that the consideration on which the notes were received by the plaintiff, was usurious; and it was determined that the witness could not remove an apparently well-founded objection to his own competency, by his evidence tending to destroy the validity of the note. This case is confirmed in *Jarden* v. *Davis*, (5 *Whart.* 338), and *Emerick* v. *Harley*, (2 *Whart.* 50). After so many decisions, it is surely time to cease to agitate the point, or else it is a vain effort to attempt to settle any point of law by the decisions of the court.

In the charge of the court on the other points, I perceive no error. The question, whether demand and notice of non-payment of the note was waived by the defendants, was properly left to the jury as a question of fact. And if the jury believed that the note was endorsed by the defendants, and delivered to the plaintiffs, on condition that the plaintiffs should satisfy the judgment against Earl to the amount, as is sworn to by Earl, and the plaintiffs afterwards refused to perform that condition, it seems to me to be sufficient to defeat the plaintiffs' recovery on the note.

Judgment reversed, and *venire facias de novo* awarded.