## ALEXANDER et al., for use, &c., *v.* ALEXANDER.

A., B. and C. drew a note, payable to the order of D. at the Lewistown Bank, which was regularly discounted by the bank, and the proceeds paid to D. The note not being paid at maturity, was protested, and a suit commenced against the drawers, in which judgment was recovered against them. B. paid the judgment, and obtained an assignment of it. A. and B., who were partners, then brought a suit against D., the payee, who was also one of the endorsers of the note. *Held*, (1st,) That C., one of the drawers, was not a competent witness in that action to prove that D. was to pay the note when it became due, to the bank, and that they became the drawers of the same on that condition. (2d,) That the note was the written engagement of the drawers to pay its amount at maturity, and it was not competent for one of them to relieve himself from contribution by his own testimony, in direct opposition to such engagement. (3d,) That on the ground of public policy, no release to C. from A. and B. could make him a competent witness to invalidate his own written engagement.

The drawers of a note cannot be permitted, by their own testimony, to prove that they were not liable to the payee, as this would be to fix on him a liability, which they had assumed as drawers.

ERROR to Common Pleas of Mifflin county.

*May* 25. This action was brought by Silas Alexander and Cyrus Alexander, for the use of Cyrus Alexander, the plaintiffs in error, against James Alexander, to recover money paid by the plaintiffs, for the use of the defendant.

It appeared that Silas, Cyrus and Joseph Alexander were the drawers of a note, payable to the order of James Alexander, at the Lewistown Bank, which was regularly discounted, and the proceeds paid to the said James, the payee, who was also one of the endorsers of the said note. The note was not paid at maturity, when it was protested, and a suit brought against the drawers, in which a judgment was recovered against them. On this judgment a *fi. fa.* was issued, when Cyrus Alexander paid the debt, interest and costs, and obtained an assignment of the judgment. Cyrus and Silas Alexander, being partners, then brought this action against James Alexander. The declaration, besides a special count, in which the note was set forth, contained one for money paid for the use of the defendant, and one for money had and received to the use of the plaintiffs, &c.

On the trial before WILSON, President, the plaintiffs offered Joseph Alexander as a witness, to prove that the defendant was to pay the note, as set out in the declaration. To his admission the defendants objected, and exhibited the note referred to, for the purpose of showing that he was one of the drawers thereof, and consequently not a competent witness. The objection was sustained; and this was plaintiff's first bill of exception. Cyrus Alexander, one of the

plaintiffs, then executed a release at bar, to Joseph Alexander, and again offered him as a witness. Objected to, on the following grounds. (1st,) Interest. (2d,) That the release was executed but by one of the drawers, plaintiffs. (3d,) That a drawer cannot change, by his testimony, the liabilities of the parties to the note. (4th,) That the release executed and delivered at bar was insufficient and no release; because no value had been given for it. The court again rejected the witness; which was plaintiff's second bill of exception.

The plaintiffs, after giving in evidence, under objection, the note set forth in the declaration, the record of the suit brought by the Bank of Lewistown against the drawers of the note, with the proceedings thereon, and proving the payment of the judgment, again renewed their offer of Joseph Alexander, as a witness, which was objected to by the defendant. The court, in rejecting the witness on this occasion, said, "that this was an offer to prove, by one of the drawers of the note, that the defendant, who was the payee in the note, and also one of the endorsers thereof, was accountable for the whole amount, and was to pay the amount when the note fell due, and that he agreed to pay it before, as well as after the note was made. In other words, that the drawers were not to be liable to the payee; but that he, as endorser, was to pay it. This would be to fix on the endorser a liability which the drawers had assumed to him, as the payee, and that, too, by the testimony of one of themselves." This decision of the court constituted plaintiff's third bill of exception. Several other bills of exceptions to the admission and rejection of evidence were taken on the trial, which are not considered of sufficient importance to be stated here. The jury found a verdict for the defendant. The material question raised here was, whether Joseph Alexander was a competent witness.

*Benedict* and *Parker*, for plaintiffs in error.—The suit was not brought upon the note recited in the declaration, but upon a private arrangement.

We offered Joseph Alexander, one of the drawers of the note, to prove that the note was for the accommodation of James Alexander, the defendant; and as the suit was not brought upon the note, he was a competent witness, even without a release. Joseph had no interest in the event of the suit. If the plaintiff had recovered, the verdict and judgment would not have inured to his benefit; nor would it have discharged him of any claim, for which he was responsible.

The verdict and judgment could not have been given in evidence for or against him, in a subsequent suit. It would not be between the same parties. A verdict and judgment cannot be given in evidence for, or against, a stranger. Harrisburg Bank *v.* Forster, 8 Watts, 304.

*Woods* and *Miles,* for defendants in error.—Joseph Alexander, one of the drawers of the note, was offered as a witness to invalidate it. He was offered by the plaintiffs to prove, that he was not the principal, but that James, the defendant, was ; and thus to change the original relations of the parties to the note, of which he was one.

A party to a negotiable note, after it is negotiated, is not a competent witness to invalidate it, even if he have no interest in the event of the suit. Stille *v.* Lynch, 2 Dall. 194 ; Shaw *v.* Wallis, 2 Yeates, 17.

The rule is confined to negotiable instruments, which have been actually negotiated in the usual course of business. 2 Bin. 165, 168, 154 ; 1 Serg. & Rawle, 102 ; 9 Serg. & Rawle, 236.

The endorser of a note duly negotiated cannot impeach it. 9 Serg. & Rawle, 229 ; 2 Watts, 268 ; 1 Miles, 36.

Subsequent admissions of a party to a written contract are not competent to change the character and operation of the contract. 7 Watts, 520.

As to the insufficiency of the release from Cyrus Alexander, one of the plaintiffs in the suit, to make Joseph Alexander a competent witness, they cited 7 Watts & Serg. 144, 317 ; 8 Serg. & Rawle, 272 ; 5 Serg. & Rawle, 510 ; 6 Serg. & Rawle, 555 ; 1 Barr, 173, 364.

A release not under seal is not binding. 5 Watts & Serg. 28.

One partner cannot bind his copartner by an instrument under seal. 7 Watts, 333 ; 5 Watts, 159 ; 1 Penn. Rep. 285.

*June* 11. BURNSIDE, J.—Silas, Cyrus, and Joseph Alexander were the drawers of a note payable at the Lewistown Bank, to the order of James Alexander, who endorsed it. The note was discounted, and the proceeds paid to James Alexander. All this was in the usual course of business. It was not paid at maturity, was protested, the drawers sued, and judgment obtained against them. Cyrus Alexander paid the bank, and obtained an assignment of the judgment. Cyrus and Silas were partners, and they brought this action against James Alexander, the payee of the note, and offered Joseph, their co-drawer, to prove that the defendant was to pay it to the bank at maturity, and on that condition they became

the drawers of the note.   The court below rejected the witness, and this is assigned for error.   It is the only material question in the case.

In Stille *v.* Lynch, 2 Dall. 194, it was ruled, that the endorsee, the original payee, who had become a bankrupt, could not be a witness to prove the want of consideration, in an action against the drawers.

Joseph Alexander was one of the makers of this note, and engaged to pay it at maturity to the order of the defendant.   This was done by his co-drawers, and now they seek to recover back the money in the teeth of their written engagement ; and Joseph seeks to be discharged from contribution, by swearing that the payee of the note was to pay it to the bank when due.

I think, on the ground of policy, no release by his co-drawers will make him a competent witness against the very face of his written engagement.   The rule, that a party shall not be a witness to invalidate his own instrument, is confined to negotiable notes, and when they are negotiated in the ordinary course of business before maturity, the rule has never been departed from in Pennsylvania.   Bank *v.* Wallace, 9 Serg. & Rawle, 236.

To admit Joseph Alexander in this case as a witness, would enable two or more drawers of a note to combine, and to compel the payee, or any other endorser, to refund them the amount of the note which they had engaged to pay.   It would be a worse principle to adopt, than permitting the assignor of a chose in action, to be a competent witness for the plaintiff.   Patterson *v.* Reed, 6 Watts & Serg. 145.

It will not do to permit the drawers of a note to prove, by their own testimony, that they are not to be held liable to the payee.   It would be fixing on the payee of a note a liability, which the drawers had assumed.   When it is done, it must be by other evidence than their own testimony.

Judgment affirmed.