## DENNISTOUN *v.* FLEMING.

The drawer of a foreign bill is not a competent witness to prove his authority, or that the circumstances had occurred under which it was shown he was authorized to draw, being liable to the holder for re-exchange, or the statutory damages on the dishonour of the bill.

CERTIFICATE from the Nisi Prius.

*April* 24. The first count of the declaration in this case was against defendants as acceptors of a bill of exchange. The second count was against defendants as acceptors of a bill drawn by Crosby on defendants under a written authority, and averring that the bill was taken by plaintiffs on the sight of such authority, and relying thereon.

The bill was dated Feb. 12, 1840. On the trial, plaintiffs read two letters from defendants to Crosby—one Nov. 21, 1839, announcing they had credited him on account of certain shipments made; the other dated Jan. 21, 1840, in which they said, " In case you are not in funds in time for the dues of February, your

valuation on us will be protected, and must request you not to draw under sixty days."

They then offered the deposition of Crosby, the drawer of the bill, to prove that it was drawn pursuant to the authority in the letter of Jan. 21. The defendants read the statute of Louisiana, where the bill was drawn, which gives 10 per cent. damages on the return of such bills.

The rejection of the witness was the question argued by

*Reed*, for plaintiff in error.—The authority to draw had been proved, and the question was merely, whether the circumstances had occurred which authorized the drawing? His interest was balanced, since he could recover from his principal: Riggs v. Lindsay, 7 Cranch, 503; Parsons v. Armor, 3 Peters, 413, where the agent was examined. The rule is settled, that an agent is competent to prove his agency, and here we did not offer to go that far. Scott v. McLellan was the case of a supercargo having but an implied authority: Bent v. Baker, 2 Sm. Lead. Ca. 82, Am. n.

*McCall*, contrà.—Scott v. McLellan, 2 Greenl. 200, is full to the point. He was liable to 10 per cent. damages: 1 La. Dig. 93. The interest was not balanced, for he would be entitled to a cession of the judgment against the drawer: Geoghegan v. Reid, 2 Whart. 152. Here the whole question of the ultimate liability of defendants was, whether this bill was drawn by authority, which, if it were not, he was directly liable?

*May* 1. ROGERS, J.—The drawer of a bill of exchange is not a competent witness for the endorser, in an action against the acceptor, because of his liability to damages, interest, and costs, if the party calling him should not prevail; Scott v. McLellan, 2 Greenl. 199. The same point is ruled in Smith v. Thorne, 9 Watts, 144, on the authority of the Bank of Montgomery v. Walker, 9 Serg. & Rawle, 229; Hubbly v. Browne, 16 Johns. 70. In Smith v. Thorne, it is decided, that in an action by the holder against the acceptor of a bill of exchange, the drawer is not a competent witness to prove that the bill was drawn for his accommodation, because he is liable to reimburse the defendants the costs, should the verdict be against the latter. These authorities dispose of the first error, as there can be no difference whether the suit is on the acceptance, or for refusing to accept. In every other respect the cases are identical.

But it is said the court erred in rejecting the deposition of Crosby, after the letters of the 21st November, 1839, and 21st

June, 1840, from Fleming and Marshall, had been read to sustain the second count in the declaration. Without stopping to examine particularly the second count, which we think discloses no cause of action, I am at a loss to understand how the letters referred to make Crosby, the drawer, competent. If the plaintiff fails, he is liable to an action at the suit of the payee, and by the laws of Louisiana, to 10 per cent. damages, although he may be the agent of the drawee; his name appears on the bill, not as agent, but as principal. But the letter of the 21st January, 1840, only authorizes Crosby to draw in case he is not in funds at a given time. Now the defendant alleges they refused to accept because he was in funds, and therefore had no right to draw. If it had appeared, and had been so alleged in the second count, that the plaintiffs received the draft on a promise by the defendants that it would be accepted, a different case would be furnished. As this, however, is neither proved nor alleged, we perceive nothing in the case to make this an exception to the rule so clearly settled in the cases cited.

Judgment affirmed.